```
           UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF OHIO
                 WESTERN DIVISION
```

CIVIL ACTION NO. 1:12cv0450 (WOB)

MONICA P. WAYS                                              PLAINTIFF

VS.                              <u>ORDER</u>

MIAMI UNIVERSITY                                            DEFENDANT

This matter is before the Court on defendant's motion to dismiss (Doc. #2).

The Court heard oral argument on this motion on Friday, November 30, 2012. Charles Peckham and Willie Gary represented the plaintiff, who was also present, and Fred G. Pressley, Jr. and Sara Jodka represented the defendant. Court reporter Maryann Ranz recorded the proceedings.

As stated on the record at this hearing, the Court concludes that plaintiff's complaint sufficiently states plausible claims so as to survive the motion to dismiss, with the exception of her claim under 42 U.S.C. § 1981, which is barred by Eleventh Amendment immunity. *See McCormick v. Miami Univ.*, 693 F.3d 654, 661-62 (6th Cir. 2012).[1]

---

[1] The Court also notes that plaintiff has withdrawn her disparate impact claim.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1)  The motion to dismiss (Doc. 2) be, and is hereby, **GRANTED** as to claims under § 1981 and **DENIED** as to all remaining claims;

(2)  The parties shall have until **May 31, 2013**, to conduct discovery;

(3)  Dispositive motions shall be due **thirty (30) days after the close of discovery**; and

(4)  This matter be, and is hereby, **REFERRED TO UNITED STATES MAGISTRATE JUDGE KAREN L. LITKOVITZ** to supervise discovery and pretrial proceedings.  Unless otherwise ordered by the court, the case will revert back to the undersigned or other appropriate United States District Judge to hold the final pretrial conference and trial.

That, in connection with such reference, the said Magistrate Judge is authorized to conduct all pretrial and status conferences, to establish and extend discovery deadlines, and all other deadlines, to hold such hearings as may be required, and to rule on non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A), except motions in limine.  *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985).  Dispositive motions and motions <u>in</u>

2

<u>limine</u> will be referred by the Clerk of this court to the appropriate United States District Judge.  Subject to other provisions of law, the final pretrial conference and trial will also be before a United States District Judge, unless the parties agree to a trial by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

 In accordance with S.D. Ohio Civ. R. 37.1, objections, motions, applications and requests to discovery shall not be filed with the Court by any party, unless counsel has first exhausted, among themselves, all extrajudicial means of resolving their differences.  After said means are exhausted, then in lieu of filing a motion under Rules 26 and 37 of the Federal Rules of Civil Procedure, counsel must notify the Court seeking a conference.

 All discovery shall be requested by the discovery date. Parties who undertake to extend discovery by agreement beyond the cutoff date without Court approval do so at the risk the Court may not permit its completion prior to trial.  Counsel shall keep the Court currently advised of the status of discovery in this case and promptly bring to the Court's attention any discovery disputes requiring court resolution.

 This Court has an additional condition to S.D. Ohio Civ. R. 7.2(a)(3).  Any brief and/or memoranda in support

of or in opposition to any motion in this Court shall not exceed twenty pages without first obtaining leave of Court. A motion for leave must set forth the reasons excess pages are required and the number of pages sought.  If leave of Court is granted, counsel must include: (1) a table of contents indicating the main sections of the memorandum, the arguments made in each section, and the pages on which each section and subsection may be found; and (2) a succinct, clear, and accurate summary not to exceed five pages of the principal arguments made and citations to the primary authorities relied upon in the memorandum.  All briefs and memoranda shall comply with the formal requirements of S.D. Ohio Civ. R. 7.2.  In an effort to encourage settlements, the Court may schedule a settlement conference at any time.  Counsel also may request that a conference be scheduled at any time when it appears such a conference would be fruitful.  Each counsel will be required to prepare and submit a letter no longer than five pages to the Court one week prior to the conference with a synopsis of the case and the status of any settlement negotiations to date.  These letters are ex parte and should not be filed with the Clerk's Office nor exchanged with opposing counsel.

The attention of counsel is called to amendments to the Federal Rules of Civil Procedure which became effective December 1, 1993, particularly with respect to expert reports.

This 3rd day of December, 2012.



Signed By:
William O. Bertelsman  WOB
United States District Judge

TIC: 15 min.