IN THE UNITED STAES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| MONICA WAYS, | : | Case No. 1:12-CV-450 |
| --- | --- | --- |
| Plaintiff, | : | (Judge BERTLESMAN) |
| v. | : | |
| MIAMI UNIVERSITY OF OHIO | : | **PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SANCTIONS AND ATTORNEY FEES** |
| Defendant. | : | |

Defendant has moved the Court for it's attorney fees at DE 83. Mindful of 6th Circuit law on the subject of defendant's attorney fees in a civil right case or in general, Plaintiff and her attorneys Mr. Gary and Mr. Kolenich respond as follows.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her Complaint (DE 1) on June 12th, 2012 alleging various theories of civil rights violations perpetrated by her employer, Miami University of Ohio. Defendant moved the Court to dismiss Plaintiff's Complaint for failure to state a claim at DE 2 and 3. The Court denied this motion in relevant part at DE 13 after a hearing on the subject.[2]

The Court explicitly authorized Plaintiff to conduct discovery. (DE 13 and DE 83-1 at p. 3.) After the time for discovery had nearly run out defendant asked the Court for more time so that it could conduct more depositions. (DE 53.) Along the way Plaintiff changed attorneys as her original lawyers (Mr. Peckham and Mr. Mezibov) withdrew. (DE 28, 29, and 35.) During this period between lawyers Mr. Gary, who was not functioning as first chair in this

---

[1] Plaintiff Ways has consented to Mr. Gary and Mr. Kolenich representing her as to the instant motion as there is no inherent conflict between her legal position and the lawyers in this particular case. Moreover, as a practical matter, it is always the lawyers who pay these types of sanctions even if the Client is the only sanctioned party.
[2] Defendant does not seek fees or sanctions from Mr. Mezibov who was Plaintiff's attorney at the time.

1

litigation (DE 41-2 Decl. of Willie Gary) filed a motion for leave to amend the Complaint. Thereafter Mr. Kolenich noticed his appearance for the Plaintiff (DE 40) and ultimately Mr. Brown was admitted *PHV* for the Plaintiff. (DE 44 and 47.)[3]

The case progressed and defendant filed for summary judgment (DE 64)[4]. The Plaintiff, in response, abandoned all of her explicitly named causes of action and attempted to proceed only on a hostile work environment claim. The Court granted summary disposition to the defendant on everything (DE 81.)[5] The instant attorney fee motion followed.

**A. <u>Law</u>**

For a defendant to prevail on a motion for attorney's fees, the district court must find that "`the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" <u>Wolfe v. Perry,</u> 412 F.3d 707, 720 (6th Cir.2005) (quoting <u>Wayne v. Vill. of Sebring,</u> 36 F.3d 517, 530 (6th Cir.1994)). The standard is particularly high for civil rights actions, <u>LeBlanc-Sternberg v. Fletcher,</u> 143 F.3d 765, 770 (2d Cir.1998), because "`[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction,'" and it "`must be limited to truly egregious cases of misconduct.'" <u>Lowery v. Jefferson Cnty. Bd. of Educ.,</u> 586 F.3d 427, 438 (6th Cir.2009) (quoting <u>Jones v. Continental Corp.,</u> 789 F.2d 1225, 1232 (6th Cir.1986)).

An "award to prevailing defendants will depend on the factual circumstances of each case." <u>Brooks v. Ctr. Park Assocs.,</u> 33 F.3d 585, 587 (6th Cir.1994) (quoting <u>Smith v. Smythe-Cramer Co.,</u> 754 F.2d 180, 183 (6th Cir.1985)). It is important to consider the evidence that the plaintiffs had going into trial, and what happened during litigation,

---

[3] Defendant does not seek fees or sanctions from Mr. Brown.
[4] The defendants motion required extra pages and nearly exhausted the American alphabet with it's attachments, the last of which was "Exhibit Y."
[5] Plaintiff is appealing.

including whether the plaintiff's case survived a motion for a directed verdict. *Id.;* Lowery, 586 F.3d at 438.

The purpose of § 1927 is to deter dilatory litigation practices and punish aggressive tactics that far exceed zealous advocacy." Garner v. Cuyahoga Cnty. Juvenile Ct., 554 F.3d 624, 644 (6th Cir. 2009) (quotation omitted). A court may sanction an attorney under § 1927, even in the absence of bad faith, when the "attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Hall v. Liberty Life Assurance Co. of Boston,* 595 F.3d 270, 275 (6th Cir. 2010); Rentz v. Dynasty Apparel Indus., 556 F.3d 389, 399-400 (6th Cir. 2009). However, "there must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." Rentz, 556 F.3d at 396.

This is an objective standard, requiring a "showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* (quotation omitted). "A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." Riddle v. Egensperger, 266 F.3d 542, 553 (6th Cir. 2001) (quoting *In re Ruben,* 825 F.2d 977, 988 (6th Cir. 1987)). A court's denial of a motion to dismiss demonstrates that plaintiff's complaint is not frivolous or "groundless at the outset." Riddle at 553.

A request for attorney's fees should not result in a second major litigation,……the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should

3

exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. Id. at 437. A party who is not a lawyer should not be held responsible for sanctions that are involved with questions of law or mixed questions of fact and law. *Rentz* 556 F.3d at 389.

Finally, the Sixth Circuit requires accurate documentation in attorney fee petitions, Imwalle v. Reliance Med. Prods., 515 F.3d 531, 553 (6th Cir.2008), and Courts in the Sixth Circuit have reduced fee awards on the basis of insufficient documentation Id. at 553. (see also extensive discussion of same at Saint-Gobain Autover USA Inc. et al. v. Xinyi Glass North America Inc. et al. (N.D. OH 2010) 707 F. Supp. 2d. 737, 762-766.)

## B. <u>Argument</u>

Defendant is not entitled to fees from the beginning of the case. This Court both denied their motion to dismiss and explicitly authorized Plaintiff to conduct discovery. Moreover, if Defendant is so certain that the Plaintiffs deposition is dispositive of the explicitly pled causes in action in Plaintiff's complaint then it should have filed a second motion to dismiss or filed for a protective order regarding discovery after the Plaintiff had been deposed. Not only did Defense fail to do either of those things but defendant actually moved the Court for extra time to conduct discovery so that they could conduct multiple extra depositions. These facts are fatal to any attempt at attorney fees for either the filing of the Complaint or the conducting of the discovery authorized by the Court.

Defendant is also not entitled to any fees for matters regarding Plaintiffs attempt at a hostile work environment claim as there were and are colorable legal arguments in favor of said claim that render it non-frivolous and non-sanctionable.

Plaintiff and her attorneys will allow that the filing of the request for leave to amend that was, in part, barred by the statute of limitations is at least possibly sanctionable. Similarly, Plaintiff's attorneys did abandon her explicitly pled causes of action at summary judgment and appear to have been under a legal duty to make that determination at or near the close of discovery so that defendant could have avoided at least some of it's efforts related to summary judgment.

Should the Court conclude that some monetary sanctions are appropriate, the matter of reasonable number of hours and hourly rate remains to be determined. Unfortunately, the defendants motion is grossly inadequate in this regard. The defendant attached[6] a single sheet of paper that merely lumps all attorney and support personnel hours together. This attachment separates the hours by person but in no other fashion. Thus it is not possible for the Court to determine what hours were spent on summary judgment as opposed to anything else based on the defendants motion.

Plaintiff respectfully suggests to the Court that it need not rely solely on defendants documents but may rely on it's years of experience in the legal field as well as it's knowledge of this case.[7] Proceeding thus, Plaintiffs suggest that it is more than reasonable to find that 100 hours of attorney time is sufficient to cover work done responding to the motion for leave to amend and preparing the motion for summary

---

[6] Without any effort at authentication whatsoever
[7] Please see <u>Fox v. Vice</u> (2011) 121 S. Ct. 2205, 2216.

5

judgment.[8] Plaintiff would request a 50% across the board cut in support staff (paralegal) time.[9] Plaintiff does not object to the hourly rate requested by defendants for either attorneys or support staff. Should the Court go along with Plaintiffs request this would yield an award of $18,424.00 (100 hrs. * $175 per hr for the attorneys and $924.00 total for paralegals.)

Plaintiff therefore respectfully requests that the Court 1) deny the motion for fees and sanctions directly against the Plaintiff Monica Ways; 2) if, and only if, the Court intends to award fees against Mr. Gary and Mr. Kolenich, order sanctions under 28 USC § 1927 of $18,424.00.[10]

Respectfully Submitted,

s/ James E. Kolenich
_____
James E. Kolenich (77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
jek318@gmail.com
*Trial Attorney for Plaintiff and pro-se as to atty. fee motion*

s/ Willie E. Gary by JEK (PHV)
_____
Willie E. Gary, Esq.
GARY, WILLIAMS, PARENTI, & WATSON PLLC
Waterside Professional Building
221 E. Osceola Street
Stuart, FL 34994
(800) 329-4279

---

[8] This is the considered opinion of Mr. Gary and Mr. Kolenich who possess more than 50 years of civil litigation experience between them and we hope the Court agrees this is reasonable.
[9] Based on authority cited in the *St. Gobain* case referenced on p. 4 of this pleading.
[10] Plaintiffs are disregarding the costs that "shall" be awarded a successful Title VII litigant for purposes of this pleading.

6

(772) 463-1766 (fax)  
weg@williegary.com  
*Attorney for Plaintiff and pro se as to atty. fee motion*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was served via the Court's CM/ECF system on August 6, 2014 as listed below:

*All parties of record*

No one entitled to service has requested or is need of service by other means.

**s/ James E. Kolenich**

_____  
James E. Kolenich (77084)