UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONICA P. WAYS,                                    Case No. 1:12-cv-450
        Plaintiff,

        vs.                                        Bertelsman, J.
                                                   Litkovitz, M.J.

MIAMI UNIVERSITY,                                  REPORT AND
        Defendant.                                 RECOMMENDATION


        This matter is before the Court on defendant Miami University's Motion for Fees under

Title VII and for Fees and Costs as Sanctions under 28 U.S.C. § 1927 (Doc. 83), plaintiff's

response in opposition (Doc. 86), and defendant's reply memorandum (Doc. 87).

**I. Procedural History**

        Plaintiff initiated this lawsuit on June 12, 2012, alleging that defendant discriminated

against her on the basis of her race and gender in violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et. seq.* (Title VII), and 42 U.S.C. § 1981. Plaintiff's

complaint alleged three claims: retaliation, disparate treatment, and disparate impact. (Doc. 1).

On August 13, 2012, defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc.

2). In response to the motion to dismiss, plaintiff abandoned her disparate impact claim only.

(Doc. 5). On December 3, 2012, the District Judge overseeing this matter held that "plaintiff's

complaint sufficiently states plausible claims so as to survive [defendant's] motion to dismiss

with the exception of her claim under 42 U.S.C. § 1981, which is barred by Eleventh

Amendment immunity." (Doc 13 at 1) (citation omitted). The District Judge also noted that

plaintiff had withdrawn her disparate impact claim. (*Id.,* n.1).

        On June 3, 2013, plaintiff filed a motion for leave to amend her complaint to name

certain defendants in their individual capacities and to assert 42 U.S.C. §§ 1981, 1983, 1985, and

1986 claims against certain officials at Miami University in their individual capacities. (Doc.

38). The Court denied the motion because the proposed amendments were futile, barred by Sixth

Circuit precedent and the applicable statutes of limitations, and did not relate back to the

allegations set forth in plaintiff's original complaint. (Doc. 48). Notably, neither plaintiff's

original complaint nor the proposed amended complaint expressly identified a hostile work

environment claim. *See* Docs. 1, 38.

Defendant filed a fully dispositive motion for summary judgment on February 28, 2014.

(Doc. 64). In her response brief, plaintiff abandoned both her disparate treatment and retaliation

claims but not her "hostile working environment claims." (Doc. 67 at 2). A hearing on

defendant's summary judgment motion was held on June 10, 2014. (*See* Docs. 74, 75). On July

3, 2014, the District Judge granted defendant's motion for summary judgment on the grounds

that plaintiff failed to plead a hostile work environment claim in her complaint and, even if she

had, she failed to present sufficient evidence of a hostile work environment to create a genuine

dispute of material fact. (Doc. 80). Judgment for defendant was entered that same day. (Doc.

81). Plaintiff appealed, and the Sixth Circuit subsequently affirmed the judgment of the District

Court. (Doc. 91). Defendant's motion for fees under Title VII and for fees and costs as

sanctions under 28 U.S.C. § 1927[1] (Doc. 83) is now ripe for review.

## II. Section 1927

Imposition of sanctions against a plaintiff's lawyer is authorized by 28 U.S.C. § 1927 as

follows:

---

[1]Several attorneys have represented plaintiff during the course of this lawsuit. Plaintiff was initially represented by attorneys Mark David Mezibov and Charles H. Peckham, appearing pro hac vice. (*See* Doc. 1 at 14; Docs. 8, 10). Attorney Willie Gary also appeared pro hac vice on plaintiff's behalf in March 2013. (*See* Docs. 15, 16). On May 22, 2013, attorneys Mezibov and Peckham withdrew as plaintiff's attorneys of record. (Doc. 35). On June 7, 2013, attorney James Kolenich entered his appearance on behalf of plaintiff. (Doc. 40). Lastly, attorney James Brown appeared pro hac vice on plaintiff's behalf in September 2013. (*See* Docs 44, 47). However, defendant seeks fees and costs under 28 U.S.C. § 1927 against attorneys Gary and Kolenich only.

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 sanctions are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). "[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The purpose of imposing sanctions under § 1927 is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id*. "Thus, an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id*.

Defendant maintains that it is entitled to sanctions against plaintiff's attorneys under 28 U.S.C. § 1927. (Doc. 83, Defendant's motion; Doc. 83, Ex. 1, Defendant's supporting memorandum). Defendant enumerates nine instances of purportedly unreasonable conduct during the course of this lawsuit that justify an award of fees under § 1927: (1) plaintiff immediately abandoned her disparate impact claim in her response to defendant's successful motion to dismiss (Doc. 83, Ex. 1 at 2, citing Doc. 5); (2) plaintiff pursued her 42 U.S.C. § 1981 claims despite defendant's well-taken argument that it was immune from suit under the Eleventh Amendment (*Id*., citing Doc. 75 at 10-11); (3) plaintiff was warned by the District Judge during oral argument on defendant's motion to dismiss that she should dismiss the case if, following the

3

close of discovery, there were insufficient facts to support her discrimination and retaliation

claims (*Id.* at 3, citing Docs. 2, 5, 7); (4) plaintiff's responses to defendant's discovery requests

were vague and evasive and required defendant to seek Court intervention on several occasions

(*Id.* at 3-4, citing Docs. 20-22, 26-27, 30-31, 36-37, 41, 43, 46); (5) plaintiff sought to amend her

complaint to add additional claims under 42 U.S.C. § 1981 despite the Court's previous

determination that such claims are precluded by Eleventh Amendment immunity and to add

claims under 42 U.S.C. § 1983 which were barred by the applicable statute of limitations (*Id.* at

4, citing Docs. 41, 42, 48); (6) plaintiff wasted time and resources by attempting to proffer

inadmissible expert opinions (*Id.* at 4-5, citing Doc. 75); (7) plaintiff wasted time and resources

by propounding discovery requests to which defendant thoroughly responded, but which plaintiff

did not use during any deposition or during the summary judgment briefing, and instead relied

solely on the discovery conducted by defendant (*Id.* at 5, citing Docs. 59-61, 67, 80); (8) plaintiff

abandoned all of her claims at summary judgment and attempted to assert a new "eleventh-hour"

claim of hostile work environment to avoid summary judgment (*Id.* at 5-6, citing Docs. 67, 73,

80-81); and (9) plaintiff's attorney at oral argument on summary judgment effectively conceded

that he knew plaintiff did not have a valid discrimination or retaliation claim at the close of

discovery which is why plaintiff attempted to assert a frivolous hostile work environment claim

(*Id.* at 6-9, citing Docs. 40, 64, 75, 80). Defendant asserts that these nine instances unreasonably

and vexatiously multiplied these proceedings.

Plaintiff responds that although defendant may be entitled to some reasonable attorneys'

fees, it is not entitled to fees from the beginning of this lawsuit. In support, plaintiff notes that

the District Judge denied defendant's motion to dismiss and expressly authorized the parties to

engage in discovery. (Doc. 86 at 4). Plaintiff also notes that defendant moved for an extension

of the discovery deadline to conduct additional depositions. (*Id.*). Plaintiff maintains that "[t]hese facts are fatal to any attempt at attorney fees for either the filing of the [c]omplaint or the conducting of the discovery authorized by the Court." (*Id.*). Plaintiff further asserts defendant is not entitled to attorneys' fees in connection with plaintiff's argument that she had alleged facts sufficient to state a hostile work environment because "there were and are colorable legal arguments in favor of said claim. . . ." (*Id.* at 5). Plaintiff concedes, however, that she and her attorneys' request to amend the complaint to add claims that were time-barred "is at least possibly sanctionable." (*Id.*). Likewise, plaintiff admits that her attorneys may have been under a legal duty to re-evaluate her discrimination and retaliation claims at the close of discovery to avoid imposing on defendant the costs associated with moving for summary judgment. (*Id.*).

Plaintiff requests that the Court require defendant to submit detailed billing sheets documenting the work done by defense counsel at each stage of this litigation and award only those fees related to defendant's work at the summary judgment stage should the Court find that the imposition of sanctions is appropriate. (*Id.*). Plaintiff also requests a "50% across the board cut in support staff (paralegal) time."[2] (*Id.* at 6). Plaintiff maintains that it is reasonable to assume defense counsel expended 100 hours of attorney time on summary judgment which would yield an award of $18,424.00 per the hourly rates provided in defendant's motion. (*Id.*). Plaintiff therefore asks that the Court deny defendant's motion for fees and sanctions against plaintiff Monica Ways and, if the Court intends to award fees, only impose those fees against counsel Gary and Kolenich as sanctions under 28 U.S.C. § 1927 in the amount identified above. (*Id.*). Plaintiff does not dispute that defendant is entitled to costs under Title VII. (*Id.*, n.10).

In its reply memorandum, defendant maintains that contrary to plaintiff's assertion, it is

---

[2]Plaintiff cites to *Saint-Gobain Autover USA Inc. v. Xinyi Glass North America Inc.*, 707 F. Supp.2d 737, 762-66 (N.D. Ohio 2010), in support of this request.

entitled to fees and costs from the outset of this lawsuit and not just from the close of discovery.

Defendant reiterates plaintiff's abandonment of various claims at the motion to dismiss stage and

her abandonment of all claims at the summary judgment stage aside from her attempt to proceed

on a procedurally and substantively deficient hostile work environment claim. (Doc. 87 at 2).

Defendant asserts it is therefore entitled to all attorneys' fees and costs associated with defending

this action from its inception, which would amount to an award of $223,048.00 in fees and

$3,246.26 in expenses.[3] (*Id*. at 6). In support, defendant submits the affidavit of defense counsel

Sara Jodka authenticating defense counsels' fees and expenses from August 2012 to July 2014.

(*Id*., Ex. 1). Defendant requests, however, that in the event the Court finds an award of fees is

appropriate that it be provided a deadline for submitting in-depth line item invoices prior to

assessing the exact amount of fees and costs to be awarded. (*Id*.).

Defendant's motion should be granted in part due to certain conduct of plaintiff's

attorneys which unreasonably multiplied the proceedings before the Court. The undersigned

finds that § 1927 sanctions are appropriate with respect to: (1) plaintiff's conduct at the close of

discovery and at the summary judgment stage, and (2) plaintiff's attempt to amend her complaint

to allege claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.

A. Plaintiff's Conduct at the Close of Discovery and at Summary Judgment

At the hearing on defendant's motion to dismiss, the District Judge stated that

based on his review of plaintiff's complaint, it did not "sound like [plaintiff had] the world's

strongest case at th[at] point." (Doc. 75 at 9). Nevertheless, the District Judge noted that

plaintiff's complaint raised an issue about an "intimidating, offensive and hostile working

environment because of race" and that the complaint "talk[s] about [a] hostile environment." (*Id*.

at 5, 9). The District Judge suggested that whether plaintiff pleaded a hostile work environment

---

[3]These figures do not reflect the fees and costs associated with the instant motion. (Doc. 87 at 6).

claim was a close question under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but that it was his policy to proceed with discovery rather than dismiss at the pleading stage. The District Judge stated that he expected plaintiff's attorneys to dismiss the case at the close of discovery if they did not think there was a sufficient basis to proceed at that point. (*Id*. at 10).

At the close of discovery, defendant moved for summary judgment on all of plaintiff's claims. (Doc. 64). At that time, the only remaining claims that were specifically pled in plaintiff's complaint were her claims of retaliation and disparate treatment. *See* Doc. 1. Defendant argued that plaintiff should not be allowed to proceed on a hostile work environment claim because she did not plead the claim in her complaint. Defendant also argued that plaintiff was unable to prove a *prima facie* case of hostile work environment. (Doc. 64, Ex. 1 at 27-32, Memorandum in Support of Defendant's Motion for Summary Judgment). In her response to defendant's summary judgment motion, plaintiff represented that she "hereby abandons any and all claims that are not 'hostile working environment' claims." (Doc. 67 at 2). Plaintiff argued that under the liberal pleading standard set forth in Fed. R. Civ. P. 8, her complaint alleged facts sufficient to state a hostile work environment claim. Further, plaintiff argued that the deposition testimony of record established the hostile work environment claim for purposes of overcoming defendant's summary judgment motion. (*Id*. at 2-9).

At the hearing on defendant's motion for summary judgment, attorney Kolenich argued on behalf of plaintiff and asserted that "hostile work environment is pled in the original complaint." (Doc. 83, Ex. 3 at 4-5). Mr. Kolenich acknowledged that he tried to amend the complaint "and hostile work environment was not in that attempted amendment; but fortunately for us, the Court denied that amendment, so we have the original [complaint] in force." (*Id*. at 5). The District Judge noted that while the original complaint set forth facts that plaintiff

7

believed constituted a hostile work environment, plaintiff did not allege a specific claim for

hostile work environment in the "causes of action" section of her complaint. (*Id.*). Plaintiff's

counsel acknowledged that a hostile work environment claim was not alleged as a specific cause

of action, but argued that the law does not require the complaint to identify "explicit" causes of

action and "the hostile work environment is mentioned with sufficient factual subtext to sustain

the cause of action." (*Id.*). Plaintiff's attorney further stated, with respect to the decision to

abandon the clearly pleaded disparate treatment and retaliation claims, "It was our analysis that

we didn't have much choice but to abandon the other claims post-discovery, particularly in light

of plaintiff's deposition." (*Id.* at 7).

The Court's Order granting defendant's motion for summary judgment states that

plaintiff's complaint "expressly laid out three causes of action under section IV, titled 'CAUSES

OF ACTION,' with the following subtitles: 'Count 1 – Retaliation,' 'Count 2 – Disparate

Treatment,' and 'Count 3 – Disparate Impact.' A hostile work environment claim is not among

those listed." (Doc. 80 at 8, citing Doc. 1). The District Judge then analyzed Paragraph 28 of the

Complaint, which plaintiff's attorney identified as sufficient to support a hostile work

environment claim, and determined that plaintiff's "passing reference to a 'hostile working

environment,' particularly considering the late stage of this litigation and her failure to attempt to

amend her complaint to include a hostile work environment claim, is insufficient to meet the

requirements of Federal Rule of Civil Procedure 8(a)." (*Id.* at 9-10). The District Judge

therefore concluded that defendant was entitled to summary judgment. (*Id.* at 10).

Defendant argues that it is entitled to sanctions under 28 U.S.C. § 1927 because

plaintiff's attorneys did not dismiss the case at the close of discovery despite having insufficient

evidence to prove plaintiff's claims. (Doc. 83, Ex. 1 at 2-3). Defendant further argues that

imposing sanctions is appropriate because plaintiff abandoned all of her claims at summary

judgment and attempted at the last minute to assert a hostile work environment claim in a

misplaced attempt to salvage her case.  (*Id*. at 5-6).  Defendant asserts that the admissions made

by plaintiff's attorneys during oral argument on defendant's motion for summary judgment

support imposing sanctions against plaintiff's attorneys from the close of discovery.  (*Id*. at 6-9).

　　　Plaintiff's attorneys concede that they should have made the determination to dismiss

plaintiff's disparate treatment and retaliation claims "at or near the close of discovery so that

defendant could have avoided at least some of it's (sic) efforts related to summary judgment."

(Doc. 86 at 5).  However, plaintiff's attorneys dispute that defendant is entitled to fees related to

plaintiff's "attempt at a hostile work environment claim as there were and are colorable legal

arguments in favor of said claims that render it non-frivolous and non-sanctionable."  (*Id*.).

Plaintiff's attorneys request that the Court limit any fee award to the hours defense counsel spent

on summary judgment, rather than awarding fees and costs for the entirety of this litigation.

(*Id*.).

　　　The undersigned finds that defendant is entitled to reasonable attorneys' fees and costs

incurred in connection with moving for summary judgment on plaintiff's disparate treatment and

retaliation claims under 18 U.S.C. § 1927.  Plaintiff's attorney admitted to the Court during the

hearing on summary judgment that counsel "didn't have much choice but to abandon the

[disparate treatment and retaliation] claims post-discovery. . . ."  (Doc. 83, Ex. 3 at 7).  Rather

than respond to defendant's well-reasoned and well-researched legal arguments in support of

granting summary judgment on these claims, plaintiff's attorneys opted to simply abandon them

rather than expend time and energy defending them.  *See* Doc. 67 at 2.  Plaintiff's attorneys

concede that they should have notified defendant of their intent to abandon these claims "so that

defendant could have avoided at least some of it's (sic) efforts related to summary judgment."
(Doc. 86 at 5). Plaintiff's attorneys were aware at the close of discovery that they could not
proceed on plaintiff's disparate treatment and retaliation claims, yet they failed to either dismiss
these claims or notify defendant of same, thereby requiring defendant to incur unnecessary
attorneys' fees and costs in defending these claims. *See* 28 U.S.C. § 1927. *See also Red Carpet
Studios*, 465 F.3d at 646 (sanctions appropriate where an attorney "knowingly disregards the risk
that his actions will needlessly multiply proceedings"). The undersigned concludes that the
actions of plaintiff's attorneys in this regard violated § 1927 by unreasonably and needlessly
multiplying the proceedings in this matter. Accordingly, plaintiff's attorneys should be required
to pay the costs and reasonable attorney fees incurred by defendant in moving for summary
judgment on plaintiff's disparate treatment and retaliation claims.

However, sanctions are not warranted on plaintiff's attempt to bring a hostile work
environment claim. As early as the hearing on defendant's motion to dismiss, the District Judge
recognized that plaintiff's complaint alleged that she was "subjected to an intimidating, offensive
and hostile working environment because of race." (Doc. 75 at 5). The Court also
acknowledged that dismissal under *Iqbal* posed a close question and that the better procedure
would be to permit discovery. When the issue of the hostile work environment claim was raised
at the summary judgment hearing, the Court again noted that "there was some discussion of facts
that [plaintiff and her attorneys] alleged constituted [a] hostile environment in the original
complaint. I reread it yesterday and there was a number of things. It isn't the usual kind of
hostile environment case where people are being called racial slurs . . . and it is more subtle,
being among university people." (Doc. 83, Ex. 3 at 4). Plaintiff's attorneys acknowledged that
they had no evidence of overt race-based comments or slurs, but they argued that the deposition

testimony of various witnesses who were racial minorities about the uncomfortable atmosphere created by Vice President Jones through her words, attitude, and conduct, when coupled with plaintiff's expert opinion evidence, was sufficient to establish a claim of a racially hostile work environment. *See id.* at 10-11. The District Judge characterized the type of hostile work environment claim that plaintiff was attempting to bring as "kind of unusual" and concluded that whether plaintiff sufficiently alleged a hostile work environment claim was "going to be a judgment call I have to make." (*Id.* at 6).

The "judgment call" on the hostile work environment claim was ultimately resolved in favor of defendant. This does not mean, however, that the pursuit of this claim by plaintiff's counsel amounts to an intentional abuse of the judicial process or a knowing disregard that their actions would "needlessly multiply the proceedings." *Red Carpet Studios*, 465 F.3d at 646. Rather, the attorneys' pursuit of the hostile work environment claim is "consistent with normal vigorous advocacy exhibited by a plaintiff's counsel in the rightness of his cause, however wrong he ultimately may be." *Riddle v. Egensperger*, 266 F.3d 542, 558 (6th Cir. 2001) (Clay, J., concurring). The attorneys for plaintiff sought to raise a more nuanced hostile work environment claim that in the end proved unsuccessful. The undersigned cannot conclude that the claim was frivolous or that plaintiff's pursuit of this claim was a dilatory litigation strategy that multiplied the proceedings in this case. Therefore, imposition of sanctions under § 1927 is not warranted on plaintiff's attempt to assert a hostile work environment claim.

B. Plaintiff's Attempt to Amend Her Complaint

Plaintiff's attorneys should also be sanctioned under 28 U.S.C. § 1927 for attempting to amend plaintiff's complaint to add claims they should have known were barred. In June 2013, plaintiff moved to amend her complaint to add claims against individual employees of defendant

11

Miami University under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (Doc. 38). In its response in opposition, defendant argued that plaintiff's proposed amendments were futile because (1) the § 1981 claims were barred as a matter of law as the claims are related to the employees in their roles as employees for the State of Ohio and they were therefore entitled to immunity under the Eleventh Amendment, and (2) the claims were barred by the applicable statutes of limitations. (Doc. 42). The District Judge denied plaintiff's motion to amend, finding that the proposed amendments were futile for the reasons stated by defendant. *See* Doc. 48.

The undersigned finds that defendant is entitled to attorneys' fees and costs for the work done opposing plaintiff's motion to amend. Plaintiff's attorneys were aware that § 1981 claims against the defendant, an arm of the State of Ohio, are barred by the Eleventh Amendment pursuant to *McCormick v. Miami University*, 693 F.3d 654 (6th Cir. 2012). *See* Doc. 13 at 1; Doc. 75 at 10-11 (citing *McCormick* as the basis for rejecting plaintiff's § 1981 claim). In her motion to amend, plaintiff acknowledged that her prior attempt to raise a § 1981 claim against defendant was unsuccessful but she argued that she could raise the claim against employees of defendant in their individual capacities. *See* Doc. 38 at 4. Plaintiff's argument in support of the motion to amend ignores the holding of *McCormick*, "that § 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor acting in his individual capacity." *McCormick*, 693 F.3d at 661. Plaintiff's attorneys were aware of *McCormick*; nevertheless, they sought to amend the complaint to state claims that *McCormick* expressly prohibits. Because plaintiff's attorneys knew or should have known that pursuing a § 1981 claim against individual employees was frivolous in light of *McCormick*, they unreasonably multiplied the proceedings by pursuing a motion to amend to add this claim.

Likewise, plaintiff's attorneys sought to amend plaintiff's complaint to add claims that

were barred by the applicable statutes of limitation. The motion to amend was filed on June 3,

2013, and sought leave to include §§ 1983, 1985, and 1986 claims against the proposed

individual defendants for acts occurring prior to March 22, 2011. (Doc. 38, ¶¶ 27, 54-72). There

is a two-year statute of limitations on claims raised under § 1983 and § 1985, and a one-year

statute of limitations for claims raised under § 1986. *Browning v. Pendleton*, 869 F.2d 989, 991

(6th Cir. 1989) (under Ohio law there is a two-year statute of limitations for claims raised under

42 U.S.C. § 1983); *Swartz v. Eastman*, 194 F.3d 1314, 1999 WL 801570, at *1 (6th Cir. 1999)

(Ohio's two-year statute of limitations applies to both § 1983 and § 1985 claims); *Harris v. City*

*of Canton, Ohio*, 725 F.2d 371, 375 n.4 (6th Cir. 1984) (noting that Congress specifically

prescribed a one-year statute of limitations to claims raised under 42 U.S.C. § 1986). The

District Judge denied plaintiff's motion to amend as futile. (Doc. 48). By seeking to file claims

that were time-barred, plaintiff's attorneys unreasonably multiplied the proceedings such that

sanctions under § 1927 are warranted. *See Davis v. Bowron*, 30 F. App'x 373, 376 (6th Cir.

2002) (holding that an attorney who files a time-barred claim commits a violation of § 1927).

*See also Williams v. White Castle Sys., Inc.*, 526 F. Supp.2d 830, 847-49 (M.D. Tenn. 2007).[4] It

is therefore appropriate to impose sanctions on plaintiff's attorneys pursuant to 28 U.S.C. § 1927

for seeking to amend plaintiff's complaint to raise new §§ 1983, 1985, and 1986 claims.

      For the above reasons, the undersigned recommends that plaintiff's attorneys be required

to pay defendant's reasonable attorneys' fees and costs under 28 U.S.C. § 1927 for the work

performed at summary judgment on plaintiff's disparate treatment and retaliation claims and in

opposition to plaintiff's motion for leave to amend her complaint.

      C. The Remaining Instances of Conduct Identified by Defendant

      In contrast, the undersigned finds that the remaining instances of litigation conduct

_____

[4]Plaintiff's attorneys concede this conduct is "possibly sanctionable." (Doc. 86 at 5).

13

identified by defendant[5] do not warrant imposition of § 1927 sanctions.

First, plaintiff's early abandonment of her disparate impact claim should not be sanctioned. In her original complaint, plaintiff raised claims of retaliation, disparate treatment, and disparate impact. (Doc. 1). In her response in opposition to defendant's motion to dismiss (Doc. 2), plaintiff abandoned her disparate impact claim. *See* Doc. 5 at 1; Doc. 6 at 13.[6] Defendant maintains that plaintiff's abandonment of her disparate impact claim demonstrates that the claim was frivolous and, thus, defendant is entitled to fees under 28 U.S.C. § 1927.

An attorney may be sanctioned under § 1927 "when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios*, 465 F.3d at 646. Here, defendant "has not identified any unnecessary multiplication of proceedings based on aggressive tactics that far exceed zealously advocacy so as to implicate 28 U.S.C. § 1927." *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 32 (6th Cir. 2012) (quotation omitted). Indeed, plaintiff's attorneys did just the opposite – they *limited* the proceedings before the Court by eliminating the disparate impact claim in the early stages of litigation. Such conduct is not sanctionable under 28 U.S.C. § 1927. *Cf. Royal Oak Entertainment, L.L.C. v. City of Royal Oak, Mich.*, 486 F. Supp.2d 675, 679-80 (E.D. Mich. 2007) (imposing § 1927 sanctions where plaintiffs lacked standing finding that counsel violated her duty "as an officer of th[e] Court not to unduly prolong cases" because counsel should have instructed "her clients that they had no legal remedy and [advised them] to either voluntarily dismiss th[e] case or make a good faith argument to change the law" but did neither). The Court therefore finds that plaintiff's attorneys are not subject to sanctions under § 1927 as a result of

---

[5]*See infra* at 3-4.

[6]Plaintiff's memorandum in opposition to defendant's motion to dismiss states, "The [p]laintiff agrees with the [defendant], that although the grievance policy is of issue here, the discrimination and retaliation comes in its application to the treatment of the [p]laintiff, not that the policy or procedure itself has disparate impact." (Doc. 6 at 13).

plaintiff's voluntary dismissal of her disparate impact claim in response to defendant's motion to dismiss.

Second, plaintiff's initial pursuit of claims under 42 U.S.C. § 1981 should not be sanctioned. Plaintiff's original complaint makes a single reference to 42 U.S.C. § 1981. Paragraph 29 of the complaint states that plaintiff has been discriminated against and retaliated against in violation of Title VII and 42 U.S.C. § 1981. (Doc. 1, ¶ 29). However, Counts I through III of the complaint allege "[t]his action arises under Title VII." (*Id.*, ¶¶ 31, 40, 49). There is no mention of a § 1981 claim in any of the parties' briefs on defendant's motion to dismiss. *See* Docs. 2, 3, 5, 6, 7. The first mention of § 1981 in the record occurred before the District Judge during oral argument on defendant's motion to dismiss:

> [Defense counsel]: In this case, in looking at the Complaint, they pled it as Title VII, but there's an allegation here claiming 1981. I think we should be clear: Is this a Title VII-case or a 1981-case?
>
> [Plaintiff's counsel]: Both.
> [Defense counsel]: Well, if it's both, Your Honor, we have immunity. It is *Miami University* –
>
> The Court: Okay.
> [Defense Counsel]: -- *McCormick – McCormick versus Miami University* that was decided in September. We have Eleventh Amendment –
>
> THE COURT: A state university.
>
> [Defense Counsel]: State university. We have Eleventh Amendment immunity under 1981, so that claim should be dropped.
>
> THE COURT: It's going to be the same evidence. It just relates to individuals -- just to the university?
>
> [Defense Counsel]: The university.
>
> THE COURT: Yeah, okay. They would have Eleventh Amendment immunity under the claim, that's true. So we'll dismiss those claims.

(Doc. 75 at 10-11, Transcript of November 30, 2012 Oral Argument). Several days later, the District Judge entered an Order memorializing the dismissal of the § 1981 claim. (Doc. 13 at 1).

Neither plaintiff nor plaintiff's attorneys unreasonably multiplied the proceedings by fleetingly invoking § 1981 at the hearing on defendant's motion to dismiss. Defendant did not raise the issue of Eleventh Amendment immunity in its motion to dismiss or reply brief and it does not appear that the passing reference to § 1981 in the complaint or at the hearing multiplied the proceedings before the Court, unreasonably or otherwise. Under these circumstances, imposing sanctions against plaintiff's attorneys under § 1927 is not warranted.

Third, plaintiff's conduct during discovery does not justify sanctioning her attorneys. Defendant asserts that plaintiff's attorneys should be sanctioned under § 1927 for the following: plaintiff refused to produce responsive documents and obfuscated the discovery process by objecting to defendant's requests by citing attorney-client privilege but failing to produce a privilege log; plaintiff refused to sign standard release forms; and plaintiff refused to respond to defendant's request for a deposition. In support, defendant cites to four instances where the undersigned held informal discovery conferences with the parties to resolve a variety of issues, including those mentioned above.

The discovery disputes between plaintiff and defendant were not out of the ordinary and do not warrant sanctions against plaintiff's counsel. Pursuant to the undersigned's Standing Order on Civil Procedures, defendant requested an informal discovery conference to address disputes over plaintiff's failure to supply a privilege log and refusal to execute financial and medical releases. *See* Doc. 20. These issues were resolved during the conference and an Order was issued that same day directing plaintiff to execute the requisite releases, provide defendant with a privilege log, and schedule plaintiff's deposition for the week of May 27, 2013. (Doc.

16

22). After three follow-up conferences on additional disputes, the Court ordered plaintiff to supplement her responses to specific document requests and interrogatories and to submit for *in camera* review documents that plaintiff claimed were protected by the attorney-client privilege. (Doc. 31). The undersigned determined that these documents were, indeed, protected from disclosure by the attorney-client privilege. *See* Doc. 37.

Such disputes are typical in many civil cases and plaintiff's attorneys did not needlessly prolong resolution of the discovery matters before the Court. The undersigned simply cannot conclude based on this record that plaintiff's attorneys needlessly multiplied the proceedings during the discovery process. Therefore, defendant's request for sanctions under 28 U.S.C. § 1927 should be denied.

Fourth, and in this same vein, plaintiff's issuance of discovery requests is not a basis for sanctioning her attorneys under § 1927. Defendant maintains that plaintiff's attorneys should be sanctioned because plaintiff did not use its responses to plaintiff's discovery requests in defending against defendant's motion for summary judgment. Defendant asserts that plaintiff's propounded discovery requests were therefore a waste of time and resources. (Doc. 83, Ex. 1 at 5).

As noted by the Supreme Court, "the course of litigation is rarely predictable." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). Plaintiff's attorneys could not have foreseen defendant's responses to plaintiff's discovery requests and, consequently, they could not have known prior to their issuance that they would not assist plaintiff in defending her claims on summary judgment (or in proving them at trial). Moreover, the District Judge determined that plaintiff alleged sufficient facts to withstand defendant's motion to dismiss and directed the parties to "go ahead and do discovery" and that at

the close of discovery the Court would "see what's actually proved." (Doc. 75 at 10, 12). It cannot be said that plaintiff's attorneys needlessly multiplied these proceedings by issuing discovery requests but not relying on them at summary judgment. *See Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001) (finding that District Court abused its discretion by awarding attorney fees under § 1927 to defendant for hours spent on discovery after authorizing parties to engage in extensive discovery to evaluate the claims set forth in plaintiffs' complaint). Accordingly, defendant's request for sanctions under 28 U.S.C. § 1927 should be denied to the extent it is premised on plaintiff's decision to conduct discovery.

Lastly, plaintiff's attorneys should not be sanctioned under § 1927 for their proffer of expert opinion evidence. On November 27, 2013, plaintiff designated Gary Hunter (Hunter) as an expert witness. (Doc. 50). On December 19, 2013, defendant deposed Hunter. (Doc. 68). In its reply brief in support of its motion for summary judgment, defendant argued that Hunter's "testimony confirms his fundamental misunderstanding of the facts and law, and proves he is not qualified to testify on the issues for which he has been proffered." (Doc. 73 at 12). Defendant asserted that Hunter had no role in defendant's policies and procedures for over thirteen years and the current department in which plaintiff worked did not exist at the time Hunter worked at the University. (*Id.*). Defendant also asserted that Hunter has a "significant bias" and is not qualified as an expert under *Daubert* and *Kumho Tire Co.*[7] (*Id.*). Defendant contends that plaintiff's continued designation of Hunter as an expert until the end of the case, despite the presence of defendant's numerous briefings suggesting that Hunter's expert testimony was improper, is sanctionable. (Doc. 83-1 at 5).

Defendant has not presented evidence that plaintiff's designation of Hunter as an expert

---

[7]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

multiplied the proceedings or caused it additional expense.  Defendant's request for sanctions rests solely on its arguments at summary judgment that Hunter was not qualified to give an expert opinion in this case.  (Docs. 73 at 11-18; 83, Ex. 1 at 4-5; 83, Ex. 3 at 8).  Essentially, defendant argues plaintiff should have withdrawn her expert designation based on defendant's say-so.  *See* Doc. 83, Ex. 1 at 5.  Such bare allegations do not support an award of 28 U.S.C. § 1927 sanctions.  Moreover, the record does not indicate that defendant filed a motion to exclude Mr. Hunter from suit and absent a determination by the District Judge on Mr. Hunter's qualifications, the undersigned cannot conclude that the proffer of Mr. Hunter as an expert witness is sanctionable.

In conclusion, the undersigned recommends that plaintiff's attorneys be sanctioned under § 1927 for (1) failing to dismiss plaintiff's disparate treatment and retaliation claims at the close of discovery in contravention of the District Judge's direction, and (2) seeking to amend plaintiff's complaint to add claims that they should have known were barred by the Eleventh Amendment and the statutes of limitations.  This conduct on behalf of plaintiff's attorneys needlessly multiplied these proceedings and falls short of the obligations counsel owes to the Court.  This recommendation is also based on plaintiff's attorneys' concession that this conduct is sanctionable.  *See* Doc. 86 at 5.  For the reasons stated above, however, the undersigned finds that the other conduct identified by defendant as sanctionable does not justify imposing sanctions against plaintiff's counsel.  Accordingly, the undersigned recommends that plaintiff's attorneys be ordered to pay the costs and reasonable attorney fees incurred by defendant in defending against plaintiff's disparate treatment and retaliation claims at the summary judgment stage and in connection with its opposition to plaintiff's motion to amend her complaint as a sanction under 28 U.S.C. § 1927.

19

### III. Title VII

Title VII provides: "The court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs. . . ." 42 U.S.C. § 2000e-5(k). The Supreme Court has explained that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). "The standard for granting attorneys' fees to a prevailing employer is more stringent than that for awarding attorneys' fees to a prevailing employee" and "[c]ourts should not conclude that a claim was groundless just because it was ultimately unsuccessful." *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005) (citing *Christiansburg*, 434 U.S. at 417-18), *abrogated on other grounds by Fox v. Vice*, 131 S. Ct. 2205, 2212-17 (2011). Because the same equities are not implicated when an employer prevails in an employment discrimination action, "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risk inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcements of the provisions of Title VII." *Christiansburg*, 434 U.S. at 422. *See also Braun v. Ultimate Jetcharters, Inc.*, No. 5:12-cv-1635, 2014 WL 546895, at *2 (N.D. Ohio Feb. 10, 2014) ("[F]ee awards to prevailing Title VII defendant-employers are the exception and not the rule. . . ."). The Supreme Court has cautioned:

> it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that [s]he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may

20

change or clarify in the midst of litigation. Even when the law or the facts appear
questionable or unfavorable at the outset, a party may have an entirely reasonable
ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22. "A plaintiff should not be assessed his opponent's attorney

fees unless the court finds the claim was groundless at the outset or that the plaintiff continued to

litigate after it clearly became so." *Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 207 F.3d 818,

823 (6th Cir. 2000).

Defendant maintains that as the prevailing party in this case it is entitled to an award of

reasonable attorneys' fees against plaintiff under Title VII of the Civil Rights Act. (Doc. 83;

Doc. 83, Ex. 1). Defendant asserts that the litigation conduct described above[8] supports its

position that from the outset of this lawsuit plaintiff pursued claims that were frivolous,

unreasonable, or without foundation "only to abandon them and tack on an (sic) meritless

eleventh-hour hostile work environment claim." (Doc. 83, Ex. 1 at 11). Defendant therefore

requests that the Court, in its discretion, award it attorneys' fees as permitted by Title VII against

both plaintiff's attorneys and plaintiff herself.

Despite its status as a prevailing party, defendant is not entitled to attorneys' fees under

Title VII from the outset of this lawsuit. As the District Judge noted during the hearing on

defendant's motion to dismiss, plaintiff's complaint alleged sufficient facts to warrant allowing

her claims to proceed through discovery. *See* Doc. 75 at 9-10. The District Judge authorized the

parties to proceed with discovery, which implies that the complaint was not deficient as a matter

of law. Therefore, plaintiff's attorneys had no reason to believe it was improper to pursue

plaintiff's claims through discovery. Plaintiff's success at the motion to dismiss stage suffices to

show that her claims were not frivolous, unreasonable, or groundless from the outset of this

litigation. *See Christianburg*, 434 U.S. at 422.

---

[8]*See supra* at 3-4.

However, plaintiff continued to litigate her retaliation and disparate treatment claims even after she determined there was no basis for these claims at the close of discovery. Plaintiff's attorneys admitted they were forced to abandon these claims post-discovery (Doc. 83, Ex. 3 at 7) and they should have notified counsel for defendant of their intent to abandon these claims. (Doc. 86 at 5). Because they did not, defendant included these claims in its motion for summary judgment, needlessly expending attorney fees on these claims. Although plaintiff's retaliation and disparate treatment claims were not "groundless at the outset," plaintiff continued her pursuit of these claims even after it became clear that the claims had no basis. Therefore, defendant is entitled to reasonable attorney fees under Title VII for the time expended on the motion for summary judgment related to these two claims. *Fox*, 131 S.Ct. at 2211.[9] Nevertheless, for the reasons stated above in connection with defendant's request for sanctions under 28 U.S.C. § 1927, plaintiff's decision to pursue a hostile work environment claim does not justify a Title VII fee award because plaintiff's hostile work environment claim was not frivolous, unreasonable, or without foundation. *Christianburg*, 434 U.S. at 422. *See also Garner*, 554 F.3d at 637 (holding that a claim is likely not frivolous when there is a close call as to whether a plaintiff established a prima facie case). Therefore, if this Report and

_____

[9]Plaintiff's decision to dismiss her disparate impact claim at the motion to dismiss stage in recognition of its defects does not warrant fees under Title VII. This is precisely the sort of conduct Title VII fees are meant to encourage and it would be incongruous for the Court to punish plaintiff for limiting the scope of her claims early in the case. *See Tennessee Health Care Ass'n v. Comm'r, Tenn. Dept. of Health and Environment*, 956 F.2d 270, 1992 WL 36217, at *3 (6th Cir. Feb. 26, 1992) (reversing the District Court's award of attorneys' fees to the defendant and finding that fees were not permissible under the *Christianburg* standard where the plaintiff attempted to end the litigation as soon as it became aware that its claim was unnecessary). While *Tennessee Health Care* involved an award of fees under 42 U.S.C. § 1988, the Sixth Circuit has held that the same standards apply to fee awards under Title VII. *See Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (finding that the legislative history to § 1988 "makes clear that Congress intended that the standards for awarding fees under section 1988 should be the same as those under Title VII. . . .") (citing Attorneys Fees Awards Act, S. Rep. No. 94-1011, 94th Cong., 2d Sess. 4-5, *reprinted in* [1976] U.S. Code Cong. & Ad. News 5908, 5912). *See also Kaimowitz v. Howard*, 547 F. Supp. 1345, 1351 (E.D. Mich. 1982) ("[I]t would be unwise policy to assess attorney's fees when plaintiff stipulated to dismiss this portion of her claim early in the suit."). Nor is defendant entitled to Title VII fees based on the purported § 1981 claim which was dismissed at the motion to dismiss hearing. *See* Doc. 75 at 10-11. Aside from briefly addressing the § 1981 claim at the hearing, defendant did not expend any resources in orally moving to dismiss this claim.

Recommendation is adopted, it will be incumbent on defendant to prove fees attributable to the frivolous and non-frivolous claims. *See Fox*, 131 S.Ct. at 2216 (where a plaintiff asserts both frivolous and non-frivolous claims, an attorney performing work in defending against both must show that he would not have incurred costs but for the frivolous claim).

**IV. Defendant's Supplemental Brief (Doc. 94)**

On June 29, 2015, defendant filed a supplement to its motion for fees and sanctions. (Doc. 94). To the extent this supplement reiterates the arguments previously presented by defendant, the Court has not considered the supplement as defendant failed to seek leave of Court prior to filing the supplement. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, to the extent defendant's supplement relates to fees and costs incurred in connection with the instant fee petition, the Court has considered the supplement because defendant may be entitled to recover costs and reasonable attorney's fees incurred in obtaining an award under Title VII and 28 U.S.C. § 1927. *See Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986); *In re Royal Mgmt., Inc.*, 525 B.R. 338, 366 (6th Cir. 2015). In any event, the undersigned cannot recommend recovery of an award certain based on defendant's submissions.

A petition for attorneys' fees "is sufficient where it is contemporaneously compiled and sufficiently detailed to allow the Court to determine with certainty the number of hours reasonably expended on the litigation." *Knop v. Johnson*, 712 F. Supp. 571, 576 (W.D. Mich. 1989) (citing *United Slate, Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)). "The Supreme Court has advised that counsel 'is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.'" *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12

23

(1983)).

    In support of its motion for attorneys' fees and costs, defendant has submitted: (1) a

summary of fees from July 11, 2012 through July 8, 2014 totaling $224,273.00 (Doc. 83, Ex. A);

(2) the affidavit of defense counsel Sara H. Jodka wherein she attests that defendant incurred

"$223.048 in attorneys' fees and $3,246.26 in costs and expenses" and which includes a table of

the hours, total fees, and total expenses incurred by month for the period of August 2012 to July

2014 (Doc. 87, Ex. 1); (3) a table identifying the number of hours worked by three attorneys and

one paralegal and the rate for those hours for the period of August 13, 2014 through June 26,

2015 (Doc. 94, Ex. 4); and (4) a table of the combined fees from July 11, 2012 through June 26,

2015, for a total of $252,560.00.[10] (*Id.*). Defendant's submissions contain no details or billing

descriptions whatsoever and defendant has not produced any contemporaneous billing records;

the tables provide only lump sums for the stated time periods with no way to identify the subject

matter of the attorneys' and paralegal's time expenditures. Courts in this circuit have held that

such submissions are deficient. *See Keener v. Dep't of the Army*, 136 F.R.D. 140, 147 (M.D.

Tenn. 1991), *aff'd*, No. 91-5442, 1992 WL 34580 (6th Cir. Feb. 24, 1992). *See also Cleveland

Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 (N.D. Ohio 1997) (finding that

billing records that "specified the general subject matter of tasks performed" were insufficient

because the records itemized "time on a daily basis rather than by task, mak[ing] it impossible to

determine the amount of time spent on each task.").

    Given the lack of detail in the records submitted by defendant, the undersigned cannot

recommend an award of fees in an amount certain. It appears, however, that defendant

recognizes the deficiencies of its filings as it asks the Court to "set a deadline for [defendant] to

_____

[10]The first two enumerated submissions were provided in connection with defendant's initial motion for
attorneys' fees and its reply memorandum.

submit proof of its fees, expenses, and costs, and set a hearing to determine the recoverable amounts." (Doc. 94 at 2).

Defendant's request should be granted in the event the District Judge adopts the Report and Recommendation of the undersigned. If this Report and Recommendation is adopted, defendants should be ordered to submit a fee petition in support of their motion for attorneys' fees and costs within 30 days. Defendant's fee petition should identify the subject matter of the work performed and be sufficiently detailed to allow the Court to determine with certainty the number of hours performed on discrete tasks. Defendant should also submit evidence in support of its claim that the hourly rate charged by counsel and staff is reasonable. Lastly, defendant must establish its costs through the submission of invoices, receipts, and affidavit evidence.

**V. Conclusion**

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that defendant's motion for sanctions and fees (Doc. 83) be **GRANTED** in part and **DENIED** in part. Defendant is entitled to an award of reasonable attorneys' fees and costs for its counsel's work at summary judgment and in opposing plaintiff's motion to amend as sanctions against plaintiff's attorneys under 28 U.S.C. § 1927. Defendant is also entitled to attorneys' fees from plaintiff under Title VII for the work performed in defending against plaintiff's retaliation and disparate treatment claims at summary judgment. Plaintiff and plaintiff's attorneys should be held jointly and severally liable under Title VII for the attorneys' fees incurred by defendant at summary judgment in its defense against the retaliation and disparate treatment claims. Defendant's motion should be denied in all other respects.

Defendant should be ordered to submit a fee petition in support of its motion for attorneys' fees and costs consistent with this opinion within 30 days of any Order adopting this

Report and Recommendation.  In the event this Report and Recommendation is adopted by the District Judge, a hearing on the fee petition will be scheduled if necessary.

Date: _9/4/15_

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONICA P. WAYS,                                     Case No. 1:12-cv-450
        Plaintiff,

                                                    Bertelsman, J.
    vs.                                             Litkovitz, M.J.

MIAMI UNIVERSITY,
        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).