UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONICA P. WAYS,
Plaintiff,

vs.

MIAMI UNIVERSITY,
Defendant.

Case No. 1:12-cv-450
Bertelsman, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendant's petition for fees (Doc. 103), to which plaintiff has not responded.

The Court previously granted in part and denied in part defendant's motion for sanctions and fees. (Docs. 95, 99). Specifically, the Court found:

> [D]efendant is entitled to an award of reasonable attorneys' fees and costs for its counsel's work at summary judgment and in opposing plaintiff's motion to amend as sanctions against plaintiff's attorneys under 28 U.S.C. § 1927. . . . [D]efendant is also entitled to attorneys' fees from plaintiff under Title VII for the work performed in defending against plaintiff's retaliation and disparate treatment claims at summary judgment. However, the award of fees under Title VII shall be against plaintiff's attorneys only.

(Doc. 99 at 1). The Court also found that "defendant may be entitled to recover costs and reasonable attorney's fees incurred in obtaining an award under Title VII and 28 U.S.C. § 1927." (Doc. 95 at 23).

In the instant petition for fees, defendant requests a total award of $32,463.83, which represents (1) $20,669.07 incurred in drafting the motion for summary judgment in relation to plaintiff's claims of disparate treatment and retaliation; (2) $3,500.00 incurred in responding to plaintiff's motion to amend the complaint; and (3) $8,294.76 incurred in relation to requesting attorneys' fees. (Doc. 103 at 8-9). The Court will consider the reasonableness of each requested amount in turn.

*Standard for calculating fee award*

The Sixth Circuit requires a district court to apply the "lodestar" method in calculating an appropriate fee award. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by "multiplying the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[W]hen . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)) (internal quotations omitted).

*Fees related to the motion for summary judgment*

As an initial matter, the Court finds that the $175.00 hourly rate for attorney work charged by defendant's counsel in this case is reasonable. Defendant asserts that this rate is substantially lower than the rates its attorneys ordinarily are able to charge given their experience and expertise. (*See* Doc. 103 at 3-4). In a declaration attached to the fee petition, Fred G. Pressley, defendant's lead trial counsel in this case, indicates that this hourly rate is "lower than the reputation, experience and ability of the respective lawyers" involved in the case. (Declaration of Fred G. Pressley, Doc. 103-1, Exh. A, at ¶ 11). Mr. Pressley further indicates that the hourly rate is far below the prevailing rate in employment litigation throughout Ohio. (*Id.*). The Court finds that the requested hourly rate is reasonable. *See Dowling v. Litton Loan Servicing, L.P.*, No. 2:05-cv-98, 2008 WL 906042, at *1-*2 (S.D. Ohio Mar. 31, 2008) ("[T]he Court may look to other indicia of reasonableness, principally the attorney's customary billing rate.") (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

In requesting $20,669.07 related to the motion for summary judgment, defendant first calculated a total of 142.3 hours of attorney work related to that motion. (*See* Time Entries Related to Summary Judgment, Doc. 103-8, Exh. G, at 4).[1] Defendant multiplied 142.3 hours by the $175.00 hourly rate for a total of $24,902.50. (*Id.*). Defendant then discounted that amount by 17% for a total of $20,669.07.[2] (*See id.*). Defendant explains that the 17% discount accounts for the Court's ruling that defendant is not entitled to fees related to plaintiff's hostile work environment claim. (Doc. 103 at 6-7). Specifically, defendant indicates that of the 23 pages of law and argument in its motion for summary judgment, only 4 pages are related to plaintiff's hostile work environment claim. Dividing 4 by 23 yielded 17.39%, which defendant rounded down to 17%. (*See id.*). Defendant calculated 17% of $24,902.50 as $4,233.43. (*See* Time Entries Related to Summary Judgment, Doc. 103-8, Exh. G, at 4). Subtracting $4,233.43 from $24,902.50 yielded defendant's requested total of $20,669.07.

The Court finds that the majority of the hours expended by counsel is reasonable and compensable, subject to the following deductions. First, in arriving at 142.3 hours related to the summary judgment motion, defendant has included hourly amounts that were not spent solely on the summary judgment motion. Specifically, defendant indicates that on February 12, 2014, Mr. Pressley spent 0.5 hours discussing the motion for summary judgment and challenges to plaintiff's expert witnesses. (*See id.* at 2). However, in its prior order, the Court found that defendant was not entitled to fees related to challenging plaintiff's expert witness. (*See* Doc. 95 at 18-19). Because defendant has not met its burden of establishing the amount of time counsel spent on discussing the motion for summary judgment, which is compensable, as opposed to

---

[1] Citations to this document refer to the page numbers provided by CM/ECF.
[2] Defendant indicates that discounting $24,902.50 by 17% yields $20,699.07. (*See* Time Entries Related to Summary Judgment, Doc. 103-8, Exh. G, at 4). However, defendant's calculation is off by $30 because a 17% discount actually results in $20,669.07. The Court notes that defendant correctly cited to the $20,669.07 amount in its fee petition, however. (*See* Doc. 103 at 7).

3

challenging plaintiff's expert witness, which is not, defendant may not collect fees from plaintiff for 0.5 hours. *See Imwalle*, 515 F.3d at 553 (courts within the Sixth Circuit have "reduced attorney fees . . . where billing records 'lumped' together time entries under one total so that it was 'impossible to determine the amount of time spent on each task'") (citations and quotations omitted). *See also Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 564 (applicant must carry burden of showing that number of hours are reasonable). Further, defendant indicates that attorney Sara Jodka spent 7.3 hours on February 19, 2014 finalizing first drafts of the motion for summary judgment and the motion to exclude. (*See* Time Entries Related to Summary Judgment, Doc. 103-8, Exh. G, at 3). Similarly, defendant indicates that attorney Lisa Whittaker spent 2.3 hours on February 20, 2014 reading and reviewing the motion for summary judgment and the motion to exclude. (*See id.*). Again, because these line items do not establish how much of this time was spent on the motion for summary judgment as opposed to the motion to exclude plaintiff's expert witness, defendant may not collect fees from plaintiff for 9.6 hours. The total time spent on these three tasks was 10.1 hours. Reducing defendant's total hourly amount for the summary judgment motion of 142.3 by 10.1 yields a new total of 132.2 hours related to the summary judgment motion.

Second, while the Court finds that defendant's method for determining the amount to discount its fee request related to the hostile work environment claim is reasonable, the Court finds that its calculation is inaccurate. Specifically, defendant indicates that its law and argument section was 23 pages long. (Doc. 103 at 6). However, the Court finds that the law and argument section of the motion for summary judgment was only 15 pages long. (*See* Doc. 64-1 at PAGEID# 740-54). Dividing the 4 pages of law and argument concerning the hostile work environment claim by the 15 pages of total law and argument yields a discount rate of 26.67%.

The Court finds that defendant's 132.2 hours related to the summary judgment motion multiplied by the hourly attorney rate of $175.00 yields a fee of $23,135.00. Discounting that fee by 26.67% to account for the uncompensable hostile work environment claim yields a discount factor of $6,170.10. Subtracting $6,170.10 from $23,135.00 results in an adjusted fee award of $16,964.90. Accordingly, defendant should be awarded $16,964.90 in attorney fees related to counsels' work on the motion for summary judgment.

*Fees related to responding to plaintiff's motion to amend*

In requesting $3,500.00 related to the response in opposition to plaintiff's motion to amend the complaint, defendant calculated 20 hours of attorney work related to that motion. (*See* Time Entries Related to the Amended Complaint, Doc. 103-7, Exh. F, at 2). Defendant multiplied 20 hours by the $175.00 hourly rate for a total of $3,500.00. (*Id.*).

The Court finds that defendant is not entitled to attorney fees from plaintiff related to two of the line items included in the 20 hour total. First, defendant indicates that on June 6, 2013, Mr. Pressley spent 0.8 hours discussing options for the memorandum in opposition to plaintiff's motion to amend the complaint and reviewing a court filing regarding plaintiff's privilege log. (*See id.*). Second, defendant indicates that on July 5, 2013, Mr. Pressley spent 0.8 hours discussing plaintiff's failure to file a reply brief in response to the memorandum in opposition to the motion to amend the complaint. (*See id.*). In its prior order, the Court found that defendant was not entitled to fees related to the discovery dispute over plaintiff's privilege log. (*See* Doc. 95 at 16-17). Again, because defendant has not established how much of the 0.8 hours on June 6, 2013 was devoted to the opposition to the motion to amend as opposed to the privilege log dispute, defendant may not collect fees from plaintiff for this time. As to the 0.8 hours on July 5, 2013, the Court finds that it is unreasonable to charge plaintiff for a discussion concerning

5

plaintiff's failure to file a reply brief. Thus, subtracting the 1.6 hours for these activities from the 20 hour total yields a new total of 18.4 hours related to defendant's response to the motion to amend. Multiplying 18.4 by the $175.00 hourly rate yields a fee of $3,220.00. Accordingly, defendant should be awarded $3,220.00 in attorney fees related to counsels' work on the response to the motion to amend.

*Fees related to the motion for fees*

Defendant has calculated a total of $18,882.50 in attorney fees related to its motion for fees, which represents 107.9 hours at an hourly rate of $175.00. (*See* Time Entries Related to Fees for Recovering Fees, Doc. 103-9, Exh. H, at 7). However, defendant has limited its request for attorney fees on its fee petition ("fees for fees") to $8,294.76 in light of the guidelines set by the Sixth Circuit in *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). (Doc. 103 at 8).

In *Coulter*, the Sixth Circuit recognized that the time spent preparing, presenting, and trying attorney fee petitions is compensable. 805 F.2d at 1151. The Court of Appeals noted the appropriateness of placing limits on fees for fees awards to avoid the prospect that "large fees later on may discourage early settlement of cases by rewarding protracted litigation of both the civil rights case and the attorney fee case." *Id*. Thus, in the absence of unusual circumstances, the Sixth Circuit generally limits fees for work on a fee petition to 3% of the amount spent on the main case without a trial. *See id. See also Northeast Ohio Coal. for Homeless v. Sec'y of Ohio*, 695 F.3d 563, 574 (6th Cir. 2012); *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007).

Defendant has mistakenly included the hours for both the main case and the fee case in calculating its fees for fees award under *Coulter*. Defendant's request for $8,294.76 represents 3% of the total amount billed for all work done in the case through November 30, 2015 ($276,492.14), including the hours spent on the fee case ($18,882.50). (*See* Statement letter

6

dated November 30, 2015, Doc. 103-10, Exh. I; Time Entries Related to Fees for Recovering Fees, Doc. 103-9, Exh. H, at 7). However, defendant's fees for fees award is limited to 3% of the hours expended on the main case only. Subtracting the $18,882.50 billed for the fee case from the total billed of $276,492.14 yields a total billed amount for the main case of $257,609.64. Applying the *Coulter* 3% rule to this amount yields a fees for fees award of $7,728.29. Accordingly, defendant should be awarded $7,728.29 related to counsel's work to recover fees.

**IT IS THEREFORE RECOMMENDED THAT**:

Defendant's fee petition (Doc. 103) be **GRANTED** and defendant be awarded a total of **$27,913.19** in attorney fees under 28 U.S.C. § 1927 and Title VII. This amount represents $16,964.90 related to counsel's work on the motion for summary judgment, $3,220 related to counsel's work on the response to the motion to amend, and $7,728.29 related to counsel's work to recover fees.

Date: 2/4/2016

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONICA P. WAYS,
    Plaintiff,

vs.

MIAMI UNIVERSITY,
    Defendant.

Case No. 1:12-cv-450
Bertelsman, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).